JASON J. MENDRO, SBN 220842
  JMendro@gibsondunn.com
RUSSELL B. BALIKIAN, *pro hac vice forthcoming*
  RBalikian@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500

MATTHEW S. KAHN, SBN 261679
  MKahn@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200

JOHN B. LAWRENCE, *pro hac vice forthcoming*
  John.Lawrence@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Ave., Suite 900
Dallas, TX 75201-2980
Telephone: 214.953.6500

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| REYNOLDS FAMILY REVOCABLE TRUST U/A DATED 04/08/2015, Derivatively on Behalf of THE CHARLES SCHWAB CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES R. SCHWAB; WALTER W. BETTINGER II; PETER CRAWFORD; JOSEPH R. MARTINETTO; JOHN K. ADAMS, JR.; CHRISTOPHER V. DODDS; STEPHEN A. ELLIS; MARK A. GOLDFARB; FRANK C. HERRINGER; ARUN SARIN; PAULA A. SNEED; CHARLES A. RUFFEL; JOHN T. DEA; C. PRESTON BUTCHER; STEPHEN T. MCLIN; ROGER O. WALTHER; ROBERT N. WILSON; WILLIAMS S. HARAF; and DOES 1-25, Inclusive,<br><br>Defendants,<br><br>and<br><br>THE CHARLES SCHWAB CORPORATION, a Delaware Corporation<br><br>Nominal Defendant. | CASE NO. 3:23-cv-02938<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**<br><br>(San Francisco Superior Court Case No. CGC-23-607047)<br><br>Action Filed: June 12, 2023<br>Trial Date: None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF REYNOLDS FAMILY REVOCABLE TRUST U/A DATED 04/08/2015 AND ITS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants The Charles Schwab Corporation; Charles R. Schwab; Walter W. Bettinger II; Peter Crawford; Joseph R. Martinetto; John K. Adams, Jr.; Christopher V. Dodds; Stephen A. Ellis; Mark A. Goldfarb; Frank C. Herringer; Arun Sarin; Paula A. Sneed; Charles A. Ruffel; and Joan T. Dea[1] ("Defendants") hereby remove to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. CGC-23-607047 in San Francisco County Superior Court, State of California. Removal is proper on the following grounds:

## I.    TIMELINESS OF REMOVAL

1.    Plaintiff Reynolds Family Revocable Trust U/A Dated 04/08/2015 ("Plaintiff") filed its Complaint against Defendants in San Francisco County Superior Court, State of California, Case No. CGC-23-607047, on June 12, 2023. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Docket are attached as Exhibits A–D to the Declaration of Jason J. Mendro ("Mendro Decl."), filed concurrently with this notice.

2.    The Summons was issued on June 14, 2023, but service has not been completed. Mendro Decl. ¶ 6. This notice of removal is timely because it is filed before service has been completed, so necessarily within the 30 days of service prescribed by 28 U.S.C. § 1446(b).

## II.    SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.    Plaintiff brings this lawsuit derivatively on behalf of Nominal Defendant The Charles Schwab Corporation ("Schwab") against certain of Schwab's current and former directors and officers. On information and belief, Plaintiff's trustees are Douglas and Sheri Reynolds (the "Trustees"), who both reside in Kaliua Kona, Hawaii. Haky Decl. ¶¶ 2-3.

4.    Nominal Defendant Schwab is incorporated in Delaware and has its principal place of business in Westlake, Texas. Haky Decl. ¶ 4.

---

[1] Erroneously sued as John T. Dea.

5.  Defendant Charles R. Schwab resides in Florida.  Haky Decl. ¶ 5.a.

6.  Defendant Walter W. Bettinger II resides Ohio.  Haky Decl. ¶ 5.b.

7.  Defendant Peter Crawford resides in the California.  Haky Decl. ¶ 5.c.

8.  Defendant Joseph R. Martinetto resides in Arizona.  Haky Decl. ¶ 5.d.

9.  Defendant John K. Adams, Jr., resides in Connecticut.  Haky Decl. ¶ 5.e.

10. Defendant Christopher V. Dodds resides in California.  Haky Decl. ¶ 5.f.

11. Defendant Stephen A. Ellis resides in California.  Haky Decl. ¶ 5.g.

12. Defendant Mark A. Goldfarb resides in Ohio.  Haky Decl. ¶ 5.h.

13. Defendant Frank C. Herringer resides in California.  Haky Decl. ¶ 5.i.

14. Defendant Arun Sarin resides in Florida.  Haky Decl. ¶ 5.j.

15. Defendant Paula A. Sneed resides in Nevada.  Haky Decl. ¶ 5.k.

16. Defendant Charles A. Ruffel resides in Connecticut.  Haky Decl. ¶ 5.l.

17. Defendant Joan T. Dea resides in California.  Haky Decl. ¶ 5.m.

18. Defendant C. Preston Butcher resides in California.  Haky Decl. ¶ 5.n.

19. Defendant Stephen T. McLin resides in California.  Haky Decl. ¶ 5.o.

20. Defendant Roger O. Walther resides in California.  Haky Decl. ¶ 5.p.

21. Defendant Robert N. Wilson resides in Pennsylvania.  Haky Decl. ¶ 5.q.

22. Defendant Williams S. Haraf resides in Florida.  Haky Decl. ¶ 5.r.

23. Plaintiff alleges three causes of action against Defendants:  (1) Breach of Fiduciary Duty; (2) Waste of Corporate Assets; and (3) Unjust Enrichment.  Mendro Decl., Ex. B ("Compl.") ¶¶ 147-163.  Among other things, Plaintiff contends that Defendants are liable for actual and compensatory damages in excess of $187 million.  Compl. ¶¶ 99-101 & Prayer for Relief.

24. Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  Defendants deny Plaintiff's factual allegations and deny that it is entitled to the relief requested.  However, based on the allegations in the Complaint and the Prayer for Relief, all requirements for federal jurisdiction under Section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

**A.     There Is Complete Diversity of Citizenship.**

25.     Plaintiff and Defendants are "citizens of different states." 28 U.S.C. § 1332(a).

26.     Plaintiff is a citizen of Hawaii. The citizenship of a non-business trust for purposes of diversity jurisdiction is "the citizenship of its trustee or trustees." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)). In turn, a person is deemed a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). A party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's Trustees are residents of Hawaii, Haky Decl. ¶¶ 2-3, and are therefore deemed citizens of Hawaii for purpose of diversity jurisdiction, *Ayala*, 2016 WL 6561284, at *4. Plaintiff therefore is also deemed a citizen of Hawaii. *Johnson*, 437 F.3d at 899.

27.     Nominal Defendant Schwab is a citizen of Delaware and Texas. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("[A] corporation's principal place of business 'refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010))). Because Schwab is incorporated in Delaware and has its principal place of business in Westlake, Texas, Haky Decl. ¶ 4, it is therefore deemed a resident of those states.

28.     The remaining Defendants are citizens of Arizona, California, Connecticut, Florida, Nevada, Ohio, and Pennsylvania based on their places of residence. *See* Haky Decl. ¶¶ 5.a-5.r; *Ayala*, 2016 WL 6561284, at *4.

29.     Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a).

30. Although Defendants Crawford, Dodds, Ellis, Herringer, Dea, Butcher, McLin, and Walther are citizens of California, 28 U.S.C. § 1441(b)(2) does not prevent removal because those Defendants have not been "properly joined and served." *See, e.g.*, *Fobb v. Uber Techs., Inc.*, 2022 WL 620336, at *2 (N.D. Cal. Mar. 3, 2022) ("[A] plain reading of 28 U.S.C. § 1441(b)(2) allows pre-service removal by a forum defendant."); *Monet v. Tesla, Inc.*, 2022 WL 2714969, at *2 (N.D. Cal. July 13, 2022) ("[T]he plain language of § 1441(b)(2) bars removal only when a defendant 'properly joined *and served*' is a resident of the forum." (citation omitted) (emphasis in original)); *Loewen v. McDonnell*, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim.").

### B. The Amount in Controversy Exceeds $75,000.

31. In assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. Feb. 27, 2008) (quoting *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

32. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff seeks, among other relief, damages in excess of $187 million. Compl. ¶¶ 99-101 & Prayer for Relief. Specifically, Plaintiff seeks compensatory damages for "the amount of damages sustained by the Company as a result of the defendants' breaches of fiduciary duties, waste of corporate assets, and unjust enrichment," which Plaintiff elsewhere alleges include $52 million paid in disgorgement and $135 million paid in civil penalties as a result of a settlement with the Securities and Exchange Commission. *Id.*

33. Defendants deny that liability or damages can be established as to Plaintiff. Defendants do not concede and reserve the right to contest, at the appropriate time, that any of Plaintiff's allegations

constitute a cause of action against them under applicable law.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  Defendants' Notice seeks only to establish that the amount in controversy is more likely than not in excess of Section 28 U.S.C. § 1332(a)'s jurisdictional minimum.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

### III. JURISDICTION & PROPRIETY OF REMOVAL

34. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

   a) This is a civil action within the meaning of Section 1332(a);

   b) The properly named parties are citizens of different states, as required by Section 1332(a)(1); and

   c) The amount in controversy exceeds $75,000, as required by Section 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

35. The United States District Court for Northern District of California is the federal judicial district embracing the place where the San Francisco County Superior Court sits.  This action was originally filed in the San Francisco County Superior Court, rendering venue in this federal judicial district proper.  28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a).  None of the Defendants have been "properly joined or served" within the meaning of 28 U.S.C. § 1446(b)(2)(A), but the following Defendants nonetheless consent to the filing of this Notice of Removal:  The Charles Schwab Corporation; Charles R. Schwab; Walter W. Bettinger II; Peter Crawford; Joseph R. Martinetto; John K. Adams, Jr.; Christopher V. Dodds; Stephen A. Ellis; Mark A. Goldfarb; Frank C. Herringer; Arun Sarin; Paula A. Sneed; Charles A. Ruffel; and Joan T. Dea.

36. True and correct copies of all process, pleadings, and orders served upon Defendants and/or filed in the state court, including the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Docket are attached as Exhibits A–D to the Mendro Declaration, filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

37. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: June 14, 2023

| | |
|---|---|
| **BAKER BOTTS L.L.P.** | **GIBSON, DUNN & CRUTCHER LLP** |
| JOHN B. LAWRENCE<br>  (*pro hac vice forthcoming*)<br>  John.Lawrence@bakerbotts.com<br>2001 Ross Ave., Suite 900<br>Dallas, TX 75201-2980<br>Telephone: 214.953.6500 | By: */s/ Jason J. Mendro*<br>JASON J. MENDRO, SBN 220842<br>  JMendro@gibsondunn.com<br>RUSSELL B. BALIKIAN<br>  (*pro hac vice forthcoming*)<br>  RBalikian@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Ave., N.W.<br>Washington, D.C. 20036-5306<br>Telephone: 202.955.8500<br><br>MATTHEW S. KAHN, SBN 261679<br>  MKahn@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200 |